FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF WASHINGTON

LAWRENCE D. BOORD and LAURA
BOORD, husband and wife;

               Plaintiffs,

    v.

JOHN DOE and JANE DOE, husband and
wife; and LOWE'S HOME CENTERS, LLC, a
foreign corporation,

               Defendants.

NO. 1:16-CV-3131-SMJ

ORDER OF PROTECTION

It appearing to the Court that the Parties are in agreement that Lowe's Home Centers, LLC. (hereinafter "the Defendant") possesses proprietary policies and procedures, as well as personnel files of present and former employees, that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1.     All documents produced or information disclosed and any other documents or records designated as "Confidential" by the Defendants shall be disclosed only to:

    (a)     counsel who are actively engaged in the conduct of the litigation, and to the partners, associates, secretaries, law clerks, legal assistants and employees of such counsel, as and to the extent reasonably necessary to render professional services in connection with the litigation;

    (b)     the parties;

ORDER OF PROTECTION - 1

(c)      court reporters and persons operating audio or video recording equipment at depositions, hearings, or trial;

(d)      the Court and Court personnel who are necessarily involved in assisting the Court in the conduct of the litigation;

(e)      any person specifically designated by the Court in the interest of justice, upon such terms as the Court deems just and reasonable; and

(f)      outside consultants or experts retained for the purpose of assisting counsel or the parties in the litigation.

2.      The information considered as "Confidential" and disclosed only in accord with the terms of this Protective Order shall include sensitive, confidential, or proprietary personal, business, medical, financial and/or technical information, including information which could cause irreparable and/or competitive harm if disclosed (such as trade secrets, financial information, marketing information, personal information, or competitive-sensitive information).  Any party designating information as "Confidential" must have a good faith basis for believing that information qualifies as such.  Should Plaintiffs object to the designation of any information as "Confidential," counsel for the Plaintiffs may challenge the designation by so notifying counsel for the Defendant.  If, within 10 business days thereafter, the challenge to the designation is not resolved or accommodated by the parties in writing in a manner satisfactory to the objecting party, the Plaintiffs may apply to the Court for a ruling that the information is not entitled to such status. The Defendants shall be given notice of any such application and an opportunity to respond.  The Defendants must show good cause, by a preponderance of the evidence, for maintaining the Confidential status of the information in question.

ORDER OF PROTECTION - 2

3.    Counsel for Plaintiffs shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action.  Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone not listed in paragraph 1 without prior written approval by Defendant.  The provisions of this order shall continue in effect after final termination of the litigation.  Likewise, all persons who received Confidential information agree to continue treating it as such after litigation has terminated.  Any exceptions to this provision must be agreed in writing between the Defendants and the person seeking an exception.  At the conclusion of the proceedings in these actions, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, possessed by Plaintiffs and Plaintiffs' experts, shall be returned to counsel for the Defendants, destroyed or retained by counsel for Plaintiffs as part of the case file and under seal as "Confidential" for the period of time set forth in counsel's document retention policy.

4.    Plaintiffs' counsel shall require their paralegals and/or secretarial employees to be bound by the terms of this Protective Order should any documents designated as "Confidential" be disclosed to such paralegals and/or secretarial employees.

5.    If counsel for Plaintiffs determines that for purposes of this action, documents or information produced by the Defendant and designated as "Confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a)    Counsel for the Plaintiffs shall provide the expert with a copy of this Order and ensure the expert understands the contents thereof.

ORDER OF PROTECTION - 3

(b)    Counsel for the Plaintiffs shall require such expert to sign a copy of this Protective Order that states: "I have read and understood the terms of this Protective Order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendants to conduct discovery of any of Plaintiffs' experts, except solely with respect to the ability of such expert to protect "Confidential" information and documents from re-disclosure.

6.    Any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, shall be filed in a sealed envelope appropriately marked as "Confidential" and subject to this Protective Order. The Clerks are directed to maintain such documents under seal, to be made available only to the Court and to counsel in this proceeding.

7.    Subject to applicable rules of evidence, and upon reasonable notice to the Defendants, "Confidential" information may be offered in evidence at any hearing or at trial. The Defendants may move the Court for an order that the evidence be received *in camera*, or pursuant to such other procedure as will prevent disclosure of the information beyond that necessary for hearing or trial. The Court will then determine whether the proffered material should continue to be treated as "Confidential" and, if so, what protection, if any, shall be afforded the proffered material at hearing or trial.

8.    This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for

ORDER OF PROTECTION - 4

hearing and presentation of evidence.

Dated this 29th day of September, 2016.


_____
**HON. SALVADOR MENDOZA, JR**
**United States District Judge**

ORDER OF PROTECTION - 5